UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CAMERON HOLBROOK, 382196,

        Petitioner,

v.                             CASE NO. 2:13-CV-11235
                               HONORABLE LAWRENCE P. ZATKOFF

CINDI S. CURTIN,

        Respondent.
_____/

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION FOR
SUMMARY JUDGMENT, DISMISSING THE PETITION FOR A WRIT OF
HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY,
AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

### I. INTRODUCTION

Michigan prisoner Cameron Holbrook ("Petitioner") has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 alleging that he is being held in custody in violation of his constitutional rights. The matter is before the Court on Respondent's motion for summary judgment seeking dismissal of the petition as untimely under the one-year statute of limitations applicable to federal habeas actions. Having reviewed the matter, the Court finds that the petition is untimely and must be dismissed for failure to comply with the one-year statute of limitations set forth in 28 U.S.C. § 2244(d). The Court also finds that a certificate of appealability and leave to proceed *in forma pauperis* on appeal should be denied.

### II. FACTS AND PROCEDURAL HISTORY

Petitioner was convicted of first-degree murder and possession of a firearm during the commission of a felony following a jury trial in the Oakland County Circuit Court. He was

sentenced to life imprisonment without the possibility of parole and a consecutive term of two years imprisonment on those convictions in 2008.

Following his convictions and sentencing, Petitioner filed an appeal of right with the Michigan Court of Appeals raising several claims of error. The court denied relief on those claims and affirmed his convictions. *People v. Holbrook*, No. 287383, 2010 WL 99010 (Mich. Ct. App. Jan. 10, 2010) (unpublished). Petitioner then filed an application for leave to appeal with the Michigan Supreme Court, which was denied. *People v. Holbrook*, 486 Mich. 931, 781 N.W.2d 836 (May 25, 2010).

On May 19, 2011, Petitioner filed a motion for relief from judgment with the state trial court, which was denied. *People v. Holbrook*, No. 07-218017-FC (Oakland Co. Cir. Ct. June 3, 2011). Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals, which was denied "for failure to meet the burden of establishing entitlement to relief under MCR 6.508(D)." *People v. Holbrook*, No. 308678 (Mich. Ct. App. Nov. 8, 2012) (unpublished). Petitioner did not timely seek leave to appeal with the Michigan Supreme Court.

Petitioner dated his initial federal habeas petition on March 1, 2013 and it was received and filed by the Court on March 20, 2013. In his petition, he raises numerous claims concerning the admission of evidence, the sufficiency of the evidence, the effectiveness of trial and appellate counsel, the absence of counsel, the impartiality of the trial judge, the conduct of the prosecutor, a reference to his probationary status, and cumulative error. Respondent now moves for summary judgment contending that the petition is untimely and must be dismissed. Petitioner has filed a reply to the motion claiming that his petition is timely.

### III. SUMMARY JUDGMENT STANDARD

Under the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Sanders v. Freeman*, 221 F.3d 846, 851 (6th Cir. 2000). The moving party bears "the burden of showing the absence of a genuine issue as to any material fact." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). To defeat a motion for summary judgment, the non-moving party must set forth specific facts sufficient to show that a reasonable fact finder could return a verdict in his or her favor. *Sanders*, 221 F.3d at 851. The summary judgment rule applies to habeas proceedings. *Redmond v. Jackson*, 295 F. Supp. 2d 767, 770 (E.D. Mich. 2003).

## IV. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, became effective on April 24, 1996. The AEDPA governs the filing date for this action because Petitioner filed his petition after the AEDPA's effective date. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA includes a one-year period of limitations for habeas petitions brought by prisoners challenging state court judgments. The statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially

3

> recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). A habeas petition filed outside the time period prescribed by this section must be dismissed. *See Isham v. Randle*, 226 F.3d 691, 694-95 (6th Cir. 2000) (dismissing case filed 13 days after the limitations period expired); *Wilson v. Birkett*, 192 F. Supp. 2d 763, 765 (E.D. Mich. 2002).

Petitioner's convictions became final after the AEDPA's April 24, 1996 effective date. The Michigan Supreme Court denied leave to appeal on direct appeal on May 25, 2010. Petitioner's convictions became final 90 days later, *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009); *Lawrence v. Florida*, 549 U.S. 327, 333 (2007); S. Ct. R. 13(1), on August 23, 2010. Accordingly, Petitioner was required to file his federal habeas petition on or before August 23, 2011, excluding any time during which a properly filed application for state post-conviction or collateral review was pending in accordance with 28 U.S.C. § 2244(d)(2).

Petitioner filed his motion for relief from judgment in the state trial court on May 19, 2011. At that point, 269 days of the one-year period had expired. Petitioner's motion and related appeal remained pending in the state courts, thereby tolling the one-year period, until November 8, 2012 when the Michigan Court of Appeals denied leave to appeal. Although Petitioner had 56 days to file an application for leave to appeal with the Michigan Supreme Court, Mich. Ct. R. 7.302(C)(3), he did not do so. A post-conviction motion is "pending," within the meaning of 28 U.S.C. §

2244(d)(2), during "the period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, *provided that* the filing of the notice of appeal is timely under state law." *Evans v. Chavis*, 546 U.S. 189, 191 (2006) (citing *Carey v. Saffold*, 536 U.S. 214 (2002)) (emphasis in original). Because Petitioner did not timely seek leave to appeal with the Michigan Supreme Court, the tolling of the limitations period ended when the Michigan Court of Appeals denied leave to appeal on November 8, 2012. Petitioner then had 96 days, until February 12, 2013, to file his federal habeas petition. He did not date his initial petition until March 1, 2013 – more than two weeks after the one-year period had expired. Moreover, the prison documents attached to Petitioner's reply brief indicate that he gave his habeas pleadings to prison officials for mailing on March 18, 2013 – more than one month after the one-year period had expired. In either case, his habeas petition is late.

Petitioner neither alleges nor establishes that the State created an impediment to the filing of his federal habeas petition or that his claims are based upon newly-discovered evidence or newly-created retroactively-applicable rights which would warrant habeas relief. His habeas action is therefore untimely under 28 U.S.C. § 2244(d).

The United States Supreme Court has confirmed that the habeas statute of limitations is not a jurisdictional bar and is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, _, 130 S. Ct. 2549, 2560 (2010). The Supreme Court has further verified that a habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id*. at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Robertson v. Simpson*, 624 F.3d 781, 783-84 (6th Cir. 2010). A petitioner has the burden of demonstrating that he is entitled to

5

equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). "Typically, equitable tolling applied only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Jurado*, 337 F.3d at 642 (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000)). Petitioner makes no such showing. The fact that he is untrained in the law, may have been proceeding without a lawyer, or may have been unaware of the statute of limitations does not warrant tolling. *See Allen*, 366 F.3d at 403 (ignorance of the law does not justify tolling); *Rodriguez v. Elo*, 195 F. Supp. 2d 934, 936 (E.D. Mich. 2002) (the law is "replete with instances which firmly establish that ignorance of the law, despite a litigant's pro se status, is no excuse for failure to follow established legal requirements); *Holloway v. Jones*, 166 F. Supp. 2d 1185, 1189 (E.D. Mich. 2001) (lack of professional legal assistance does not justify tolling); *Sperling v. White*, 30 F. Supp. 2d 1246, 1254 (C.D. Cal. 1998) (citing cases stating that ignorance of the law, illiteracy, and lack of legal assistance do not justify tolling). Petitioner is not entitled to equitable tolling under *Holland*.

The United States Court of Appeals for the Sixth Circuit has held that a credible claim of actual innocence may equitably toll the one-year statute of limitations. *Souter v. Jones*, 395 F.3d 577, 588-90 (6th Cir. 2005). As explained in *Souter*, to support a claim of actual innocence, a petitioner in a collateral proceeding "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)); *see also House v. Bell*, 547 U.S. 518, 537-39 (2006). A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence – that was not

presented at trial." *Schlup*, 513 U.S. at 324. Significantly, actual innocence means "factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623. Petitioner makes no such showing. He is thus not entitled to equitable tolling of the one-year period.

## V. CONCLUSION

Based on the foregoing discussion, the Court concludes that Petitioner did not file his habeas petition within the one-year limitations period established by 28 U.S.C. § 2244(d), that he has not demonstrated entitlement to statutory or equitable tolling, and that the statute of limitations precludes review of his claims. Accordingly, the Court **GRANTS** Respondent's motion for summary judgment and **DISMISSES WITH PREJUDICE** the petition for a writ of habeas corpus.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Id*. Jurists of reason would not find the Court's procedural ruling debatable. Accordingly, the Court **DENIES** a certificate of appealability. The Court also **DENIES** leave to proceed *in forma pauperis* on appeal as an appeal cannot be taken in good faith. *See* Fed. R. App. P. 24(a).

**IT IS SO ORDERED**.

                                                         S/Lawrence P. Zatkoff
                                                         LAWRENCE P. ZATKOFF
                                                         UNITED STATES DISTRICT JUDGE

Dated:  January 8, 2014